[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14680
Non-Argument Calendar

_____

D. C. Docket No. 07-01242-CV-CAM-1

JESUS MARIA LOPEZ,

Petitioner-Appellant,

versus

THOMAS AMMONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 6, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jesus Maria Lopez, appeals, pro se, the district court's denial of his motion

to file a late notice of appeal in his 28 U.S.C. § 2254 habeas proceeding. On March 7, 2008, the district court entered an order dismissing Lopez's § 2254 petition as time-barred. Lopez failed to file a notice of appeal until May 15, 2008, when he asked the court to permit him to file a late notice of appeal.

On appeal, Lopez asserts that he did not receive until April 18, 2008, the district court's March 7 order dismissing his case. Lopez argues that because of this untimely service of the district court's order, as well as his limited English skills and limited access to legal counsel, he is entitled to relief under Fed. R. App. P. 4(a)(6).

A district court's finding dealing with a late notice of appeal is reviewed for abuse of discretion. Locke v. Suntrust Bank, 484 F.3d 1343, 1347 n.2 (11th Cir. 2007). We "may affirm the district court's decision on any adequate ground, even if it is other than the one on which the court actually relied." Smith v. Allen, 502 F.3d 1255, 1265 (11th Cir. 2007).

As an initial matter, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). Therefore, we will liberally construe Lopez's filing to assume that, in addition to his argument under Fed. R. App. P. 4(a)(6), Lopez is also raising an argument under Fed. R. App.

2

P. 4(a)(5).

The timely filing of a notice of appeal under Rule 4(a) is a mandatory prerequisite to the exercise of civil appellate jurisdiction. Bowles v. Russell, 551 U.S. 205, ___,127 S. Ct. 2360, 2364-66 (2007). In a § 2254 habeas corpus proceeding, the notice of appeal must be filed within thirty days after the judgment or order appealed from is entered. See Fed. R. App. P. 4(a)(1)(A); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264-68 (1978).

Under Fed. R. App. P. 4(a)(5)(A), the district court may extend this deadline upon a finding of excusable neglect or good cause shown. See Lock v. SunTrust Bank, 484 F.3d 1343, 1346 (11th Cir. 2007). However, to be eligible for an extension under Rule 4(a)(5), the party seeking to take advantage of this Rule must file the pertinent motion no later than thirty days after the original appeal period expired. Fed. R. App. P. 4(a)(5)(A)(i). The final judgment in Lopez's case was entered on March 7, 2008, thus the deadline for filing a notice of appeal was April 7, 2008 and any request for an extension under Rule 4(a)(5)(A)(i) was due by May 7, 2008. However, Lopez is ineligible for relief under Rule 4(a)(5) because he filed his notice of appeal motion on May 15, 2008, more than 30 days after the expiration of the deadline for filing a notice of appeal and also the deadline for requesting an extension.

In addition, under Fed. R. App. P. 4(a)(6), the district court may reopen the time to file an appeal for fourteen days if one of the parties was not timely served with the court's final judgment. However, to be eligible for relief under this Rule, the moving party must make its motion either within 180 days after the judgment is entered or within seven days of receiving notice of the judgment's entry, whichever is earliest. Fed. R. App. P. 4(a)(6)(B).

Lopez asserts that he did not receive the court's judgment in his case until April 18, 2008. Thus he had seven days, not including weekends, leaving him with a deadline of April 29, 2008, by which to file a motion pursuant to Rule 4(a)(6). He is, however, ineligible for relief under Rule 4(a)(6) because he filed his motion on May 15, 2008 – more than seven days after he received the district court's final judgment in this case. Accordingly, the district court lacked authority to grant Lopez's motion, and we affirm its denial of that motion.

**AFFIRMED.**