[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-13083

_____

D. C. Docket No. 03-00147-CV-6

BOXER X,

Plaintiff-Appellant,

versus

A. HARRIS,
Sergeant,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 27, 2006)**

Before BIRCH, HULL and BOWMAN[*], Circuit Judges.

BIRCH, Circuit Judge:

_____

[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Boxer X appeals the dismissal, pursuant to 28 U.S.C. § 1915A, of his civil rights action under 42 U.S.C. § 1983 against Angela Harris, a guard at his Georgia prison, who, according to the complaint, made him strip and masturbate for her enjoyment. The district court adopted the magistrate judge's report and recommendation, which found that Boxer's complaint did not state an Eighth Amendment violation and that he failed to name the correct defendant for his claim under the Due Process Clause of the Fourteenth Amendment. We VACATE the entry of judgment and REMAND for proceedings consistent with this opinion, because Boxer has stated a claim under our privacy jurisprudence and for retaliation under the First Amendment.

## I. BACKGROUND

Between July and November 2003 in Smith State Prison in Glennville, Georgia, Harris repeatedly approached Boxer's jail cell and demanded that he strip naked and perform sexual acts of self-gratification.[1] On 5 July 2003, Boxer complained that his food was cold and that his tray was dirty. Harris stated that she would get him a new dinner if he did her a "favor": "to show her [his] penis" while she watched through the flap in the prison door. R1-1 at 5. Boxer declined, and Harris promised retribution.

---

[1] The facts, as described in this section, are drafted as if the allegations in the complaint are true. See Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

Incidents of this nature continued for the next several months. Sometimes Boxer disobeyed Harris's commands, but sometimes he obeyed her. On 1 August 2003, Boxer received two disciplinary reports that followed an encounter with Harris in which he did perform for her. These reports were for failure to follow instructions and exposure/exhibition. Boxer received these reports in the prison distribution system and was not afforded the opportunity to challenge Harris's statements in front of a disciplinary hearing officer.

On 28 August 2003, Harris approached Boxer again offering not to write further false disciplinary reports if Boxer followed her orders without question. Boxer acquiesced to Harris's orders on six occasions from September to November 2003. Boxer subsequently filed grievances against Harris, which were denied. Boxer sued in December 2003.

The magistrate judge's report construed Boxer's complaint as alleging two claims: one for relief under the Eighth Amendment and another under the Due Process Clause of the Fourteenth Amendment. The court decided that the harassment that Boxer endured was not severe enough to state a claim under the Eighth Amendment and that Boxer had not factually or legally implicated Harris in denying him an opportunity to be heard during the administrative punishment process such that he had stated a claim against her under the Due Process Clause.

3

Boxer objected to the report and recommendation on the grounds that he had stated a claim that Harris violated his Due Process, Eighth Amendment, and constitutional privacy rights and alleged, for the first time, that he was retaliated against for petitioning the supervisors of the prison for redress for Harris's improper treatment of him.

The district court adopted the magistrate judge's report and recommendation. Boxer argues on appeal that Harris's conduct at his jail cell violated his Eighth Amendment and privacy rights; that the retaliation for exercising his rights under the grievance process violated his First Amendment rights; and that he was administratively punished without a hearing in violation of the Due Process Clause. Harris, for the first time on appeal, raises issues related to the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), codified in relevant part, 42 U.S.C. § 1997e ("PLRA"). We discuss these issues in the following section.

## II. DISCUSSION

A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed de novo, taking the allegations in the complaint as true. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will,

4

therefore, be liberally construed." Id. (citation omitted).  On appeal, Harris raises the PLRA and contends that the lack of physical injury precludes Boxer's ability to sustain his action.  Because this issue was not raised before the district court, we do not address it here.[2]  We must determine whether Boxer presented sufficient allegations of constitutional violations to survive a motion to dismiss.

Boxer brings claims under 42 U.S.C. § 1983, which provides a cause of action against any person acting under the color of state law for deprivations of any right secured by the Constitution.  The district court concluded that Harris did not violate Boxer's constitutional rights, and, therefore, Boxer had not stated a claim for which relief could be granted under § 1983.  We turn to the three substantive claims raised by Boxer on appeal: (1) the constitutional violation caused by being forced to strip and masturbate for Harris's entertainment; (2) Harris's retaliation

---

[2] District courts should first consider whether the PLRA bars a prisoner plaintiff's suit prior to rendering a decision on the merits.  This is a prudential consideration, because the PLRA contemplates a merits dismissal prior to a finding of exhaustion.  See 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").  However, this kind of merits dismissal should be reserved for claims that are clearly frivolous.  When, as here, a district court has to cover new constitutional ground, it should first, as a matter of judicial economy, ensure that a claim should not be dismissed under the PLRA.  We note that the defendant did not initially raise the PLRA, doing so for the first time on appeal, because the case was dismissed sua sponte pursuant to the screening provision of 28 U.S.C. § 1915A before the defendant responded to the complaint.  On remand, the district court should address issues raised by the PLRA.

against Boxer for reporting her nefarious activities; and (3) the administration of punishment without due process.

A. Substantive Claims Related to Compelled Masturbation

1. Privacy

We joined other circuits recognizing a prisoner's constitutional right to bodily privacy in Fortner v. Thomas, 983 F.2d 1024 (11th Cir. 1993). In Fortner, "female officers . . . solicit[ed] . . . [male prisoners] to masturbate and otherwise exhibit their genitals for the female officers' viewing." Id. at 1027. We held that this violated the prisoner's right to privacy. Id. at 1030. Fortner outlined a very narrow privacy right involving people's "'special sense of privacy in their genitals'" and noted that "'involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.'" Id. (citing Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981)). We have reaffirmed the privacy rights of prisoners emphasizing the harm of compelled nudity. See Padgett v. Donald, 401 F.3d 1273, 1281 (11th Cir. 2005). Nonetheless, we "continue to approach the scope of the privacy right on a case-by-case basis." Fortner, 983 F.2d at 1030.

In this case, Boxer's claim is clearly within the scope of the right established in Fortner. Harris, a female prison guard, solicited Boxer to masturbate for her

6

viewing. If his allegations are true, Boxer has stated a § 1983 claim for violation of his privacy rights under Fortner.

2. Eighth Amendment

Boxer also appeals the dismissal of his claim under the Eighth Amendment, which forbids the imposition of cruel and unusual punishment. In the context of a prisoner's conditions of confinement after incarceration, prison officials violate the Eighth Amendment through "the unnecessary and wanton infliction of pain." Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1977 (1994) (quotations omitted). In this case, we join other circuits recognizing that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. See, e.g., Giron v. Corrections Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999); Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Boddie v. Schneider, 105 F.3d 857, 860–61 (2d Cir. 1997). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." Boddie, 105 F.3d at 861 (citation and quotation omitted). Following Boddie, we conclude that there is an objective component of the inquiry, which requires that the injury be "objectively, sufficiently serious," and a subjective component, which requires the prison official have a "sufficiently culpable state of mind." See id. at 861

7

(citing Farmer, 511 U.S. at 834, 114 S. Ct. at 1977). However, under our circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be "objectively, sufficiently serious" only if there is more than de minimis injury. See Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

On the facts as alleged in the complaint, however, Boxer has failed to meet this standard. We conclude that a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than de minimis injury. Accordingly, we affirm the dismissal of Boxer's claim under the Eighth Amendment.[3]

B. Retaliation

First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a

---

[3] Our finding that Boxer has failed to allege more than a de minimis injury and that he is therefore not entitled to Eighth Amendment relief does not necessarily require dismissal of his case under the PLRA, whose recovery limitation provision prevents recovery "for mental or emotional injury . . . without a prior showing of physical injury." 42 U.S.C. § 1997e(e). We note that the availability of nominal damages under the PLRA has not been resolved in our circuit. See Hughes v. Lott, 350 F.3d 1157, 1162–63 (11th Cir. 2003). Circuits that have considered the issue have allowed claims for nominal damages. See, e.g., Calhoun v. DeTella, 319 F.3d 936, 942 (7th Cir. 2003); Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002); Searles v. Van Bebber, 251 F.3d 869, 878–79 (10th Cir. 2001); Allah v. Al-Hafeez, 226 F.3d 247, 252–53 (3d Cir. 2000). We have held that § 1997e(e) does not affect the availability of declaratory or injunctive relief. See Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999), vacated, 197 F.3d 1059, reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). However, as noted in footnote two, the PLRA, including this issue regarding available remedies, should be addressed by the district court in the first instance on remand.

grievance concerning the conditions of his imprisonment.  Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam).  Boxer expressly claims that he was punished for complaining through the established grievance system about his treatment by Harris.[4]  R1-11 at 1.  The liberal construction that we must give this assertion is sufficient to state a retaliation claim under § 1983.  See Wildberger, 869 F.2d at 1468.

C. Due Process

Boxer also appeals the denial of his due process claim that the prison did not afford him notice and an opportunity to be heard on the false disciplinary charges.  The magistrate judge denied the due process claim because Boxer did not show that Harris was responsible for denying the hearing.  This decision is correct because Boxer did not allege that any action by Harris deprived Boxer of any procedural rights to which he was entitled.

### III. CONCLUSION

Boxer's civil rights complaint was dismissed for failure to state a § 1983 claim because the district court concluded that there was no violation of the Eighth Amendment or the Due Process Clause.  Because Boxer, as a pro se plaintiff, stated

---

[4] The facts establishing this act of retaliation were first presented in Boxer's objections to the magistrate judge's report and recommendation.  The district court should have allowed Boxer to amend his complaint to incorporate this claim.  See Scott v. Clark, 761 F.2d 1524, 1527 (11th Cir. 1985).

a claim within the purview of our privacy rights jurisprudence and because he stated a claim for retaliation, it was improper for the district court to dismiss his case. While we **AFFIRM** the dismissal of Boxer's Eighth Amendment and Due Process claims, we **VACATE** the entry of judgment and **REMAND** for further proceedings consistent with this opinion.