[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16748
Non-Argument Calendar

_____

D.C. Docket No. 04-01790-CV-RLV-1

JOHNNY WOODS,

Plaintiff-Appellant,

versus

SHERIFF PHIL D. MILLER,
NANCY HARRINGTON,
M.D. SAURABH D. DESAI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 24, 2007)

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Johnny Woods, a Georgia state prisoner, appeals pro se the district court's dismissal for failing to state a claim on his 42 U.S.C. § 1983 action alleging deliberate indifference to his known medical needs.[1] On appeal he argues that the facts as alleged in his amended complaint provided an arguable basis for a claim of deliberate indifference to his serious medical condition. Woods alleged that he suffered a back injury and was denied necessary medical care by the defendants, all of which resulted in severe and prolonged pain. Upon review of the record and Woods's brief,[2] we conclude that the district court erred by dismissing the claim and vacate and remand.

We review de novo a district court's sua sponte dismissal of a complaint pursuant to § 1915A(b)(1). Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (2001) (applying the same standard of review applied to Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim). In reviewing whether a plaintiff has stated a claim, we accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Behrens v. Regier, 422 F.3d 1255, 1259

---

[1] Woods also alleged that defendants Dr. Desai and Nurse Harrington retaliated against him for his grievances by repeatedly placing him in segregation. The district court dismissed this claim, and Woods offered no argument regarding the retaliation claim in his initial brief. We therefore consider the issue abandoned on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[2] The defendants in this case were never served as Woods's claim was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The defendants thus did not file an appellate brief.

2

(11th Cir. 2005) (reviewing a Rule 12(b)(6) dismissal). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

In order to state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Each of the defendants appears to have worked for the state. Assuming that, the only question is whether it is clear beyond doubt that Woods failed to state a claim of deliberate indifference to a serious medical condition under the Eighth Amendment.

The Eighth Amendment prohibits only the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. As a result, to state a claim under the clause, a prisoner must allege, first, a condition that constituted an objectively "cruel and unusual deprivation," and second, that the officials responsible for the condition had a subjective intent to punish. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).

One way for a prisoner to show an Eighth Amendment violation is by proving that prison medical officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).

3

Such a claim has two elements. "First, the plaintiff must prove an objectively serious medical need. Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). "A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. "To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Id.

It is not clear beyond doubt that Woods has failed to allege a serious medical need. He alleges that he suffered a back injury; that Desai and Harrington on several occasions failed to respond to his requests for medical attention; that when they did respond, their prescriptions were ineffective for treating the damage to his lumbar region and sciatic nerve; that surgery was the only effective way to treat the problem; and finally, that his medication was entirely discontinued after the defendants incorrectly determined that he was a medical abuser. As a result of all of this, Woods claims that he suffered severe and prolonged pain. The facts might eventually show that Woods and the doctors merely had a difference of opinion on

4

the proper course of treatment, which would not be sufficient to show an Eighth Amendment violation. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment"). But if proven, Woods's allegations would arguably show an objectively serious medical need. See Hill v. Dekalb Rg'l Youth Det. Ctr., 40 F.3d 1176, 1187 n.21 (11th Cir. 1994) (citing cases which may be comparable to Woods's where serious medical need was shown, including six-hour delay in treating serious and painful broken foot, three-day delay in treating shoulder injury, and two-and-a-half hour delay in treating cut over eye).

Woods has also alleged facts that, if proven, might show deliberate indifference on the part of Desai and Harrington An inmate may show deliberate indifference in a number of ways: (1) actual knowledge of a serious need for medical care, plus a failure to treat; (2) delay in treatment, potentially "even for a period of hours"; (3) "grossly inadequate care"; (4) "a decision to take an easier but less efficacious course of treatment"; or (5) "medical care which is so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Woods alleges that Desai and Harrington actually knew about his

5

serious back condition (at the latest after they received the X-rays from the hospital), and refused him treatment not for any medical reason but rather solely to avoid tort liability and hospital bills. He has also alleged grossly inadequate care, claiming that the prescriptions were wholly ineffective in treating his pain, and that surgery was the only possible treatment. See id. at 1257 (prison official may not "cause a prisoner to needlessly suffer the pain resulting from his or her illness"). These facts, if proven, may allow a jury to infer that the medical officials had penal intent, and were not merely negligent or making a judgment call in refusing to allow Woods to have the surgery. See id. at 1257 ("A jury could infer deliberate indifference from the fact that Dr. Foley knew the extent of [the inmate's] pain, knew that the course of treatment was largely ineffective, and declined to do anything more to attempt to improve [the inmate's] condition"). We therefore conclude that the district court erred by dismissing sua sponte the Eighth Amendment claims against Desai and Harrington.

Woods further alleged that Sheriff Miller was liable under a respondeat superior theory for his acquiescence in Harrington and Desai's acts of deliberate indifference, and for his "failure to correct" those acts. Generally, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Miller v.

6

King, 384 F.3d 1248, 1261 (11th Cir. 2004).  Rather, a supervisor is liable under § 1983 only when (1) the supervisor personally participates in the alleged unconstitutional conduct, or (2) there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  Id.  One way to show a causal connection is by proving facts that support an inference that the supervisor directed the subordinates to act unlawfully or that the supervisor knew that the subordinates would act unlawfully and failed to stop them from doing so. Id.

While Woods has not alleged that Miller personally participated in the failure to treat, or that Miller directed Harrington and Desai to act unlawfully, Woods has alleged that he sent a letter to Miller detailing Harrington and Desai's acts, that Miller knew of those acts, and that Miller did nothing to prevent the continuation of those acts.  Woods has thus alleged facts that, if proven, may state a claim against Miller under § 1983, and the district court erred by dismissing the claim against him.

Taking the allegations as true, the defendants should be served and given an opportunity to respond to Woods's claim.

**VACATED AND REMANDED.**

7