[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2007
THOMAS K. KAHN
CLERK

No. 06-14145
Non-Argument Calendar

_____

D. C. Docket No. 06-00098-CV-4-SPM-WCS

WILLIE ALBERT SMITH,

Plaintiff-Appellant,

versus

LEONA COLLINS,
Captain,
B. FORD,
Sergeant,
WILSON,
HAROLD T. PARKER,
Assistant Warden,
CHAABAN,
R. BOYCE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 1, 2007)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant is a Florida prison inmate. On April 5, 2006, the district court, acting pursuant to 28 U.S.C. § 1915(g), dismissed his complaint in which he sought damages and other relief under 42 U.S.C. § 1983 for the defendants' purported violations of his constitutional rights[1]. Appellant did not appeal the court's order within the thirty-day period for taking an appeal. Instead, on June 14, 2006, he filed a "Request to Alter or Amend Judgment," which we treat as a motion for relief under Federal Rule of Civil Procedure 60(b).[2] The court denied his motion on July 3, 2006, and on July 24, 2006, he timely appealed the court's ruling.

In the brief he submitted to this court in support of his appeal, appellant argues that the defendants, by denying him his medical passes in retaliation for having filed numerous grievances, violated his rights under the First, Eighth, and Fourteenth Amendments of the Constitution. He contends that these medical passes – for things like a handicapped locker and a restriction permitting only

---

[1] Because the court dismissed appellant's complaint under § 1915(g), the defendants were not served with process, did not appear in the district court, and have not made an appearance in this court.

[2] The motion to alter or amend was untimely as it was filed beyond the 10-day period provided by Fed. R. Civ. P. 59(b).

2

front handcuffing – are necessary to alleviate the pain he suffers on account of his arthritis and other ailments. He asserts that the defendants unnecessarily and wantonly inflicted pain on him by handcuffing his hands behind his back and forcing him to bend over to reach his locker.

We review "a district court's denial of postjudgment relief under Federal Rule of Civil Procedure 60(b) for abuse of discretion." Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 905 (11th Cir. 1998). "An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." Am. Bankers Ins. Co. of Florida v. Northwestern Nat. Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). In pertinent part, Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the

3

judgment, order, or proceeding was entered or taken.

Under 28 U.S.C. § 1915(g), a prisoner seeking to proceed in forma pauperis is barred from bringing a civil action:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

We have read appellant's brief liberally because he is proceeding pro se. See Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), petition for cert. filed, (U.S. Nov. 6, 2006) (No. 06-7654). However, this liberal construction does not aid appellant. As noted above, the district court dismissed his complaint without considering the merits, pursuant to 28 U.S.C. § 1915(g). Because appellant admitted that the court correctly assessed his litigation history as otherwise barring him pursuant to § 1915(g) from being granted in forma pauperis status, the only issue that he can raise on appeal is that the § 1915(g) bar should not apply because he is in "imminent danger of physical injury." However, he fails to argue in his brief that he is in imminent danger of physical injury; therefore, he has abandoned this issue. See Cheffer v. Reno, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995) (noting that issues not addressed in the brief are deemed abandoned). Moreover, since the court dismissed his complaint without reaching

4

the merits of his claims, the merits are not at issue here. His argument regarding the merits of his claims are thus misplaced and inappropriate.

The district court did not abuse its discretion in denying appellant's Rule 60(b) motion.

**AFFIRMED.**