[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 7, 2009
THOMAS K. KAHN
CLERK

No. 08-15258
Non-Argument Calendar

_____

D. C. Docket No. 07-00142-CV-1-MMP-AK

DAVID ANTHONY PRICE,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
Secretary Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 7, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

David Anthony Price, a Florida state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). After review of the record and the parties' briefs and submissions, we discern no reversible error and AFFIRM.

## I. BACKGROUND

Price, who previously was convicted of murdering his wife, filed pro se a § 1983 complaint against the Secretary of the Florida Department of Corrections ("DOC") in which he alleged that the DOC deprived him of his liberty without due process of law by accepting him for commitment and detaining him without a signed, certified judgment of conviction.[1] Price sought immediate release and monetary damages. In his subsequent memorandum of law, Price argued that his confinement without the required documentation denied him his civil rights, including the right to counsel and the right to a speedy trial. He asserted that the judgment of conviction was incomplete because the presiding judge signed only the minutes of Price's sentencing hearing, and because all other court documents, including the judgment of conviction, either were not signed at all or bore only a mark resembling the letter "M" in the judge's signature block. Price further

---

[1] To the extent Price also sought habeas corpus relief, the district court dismissed his habeas petition for failure to exhaust state remedies. Both the district court and this court denied Price's request for a certificate of appealability to appeal this ruling, and therefore, we review only the district court's dismissal of Price's § 1983 complaint.

maintained that he was actually innocent and that his unlawful confinement "prevents the road to justice."

Prior to service of process, a magistrate judge screened the complaint and issued a report recommending that it be dismissed for failure to state a claim under § 1915A(b)(1). The magistrate judge found that Price was contesting the fact of his confinement while in custody pursuant to a state court and therefore, his claims were not properly brought under § 1983 because he failed to allege or show that his sentence had been reversed, expunged, or invalidated. The magistrate judge further found that the lack of a full or legible signature on the conviction documents did not negate their presumptive validity. The district court adopted the magistrate judge's report and recommendation and dismissed Price's complaint. R1-10.

## II. DISCUSSION

On appeal, Price contends that he is being confined without authority because a formal judgment of guilt was never reduced to writing, signed by the state court judge, or properly filed, and that, in finding that the state documents were presumptively valid, the district court ignored provisions of state law requiring the presiding judge to sign a complete judgment form and not just the fingerprint signature form. Price maintains additionally that his § 1983 action is

3

not barred and should be allowed to proceed because he is merely seeking to return to state court for entry of a proper judgment, and granting such relief would not have the effect of invalidating his conviction or sentence.

The district court is statutorily required to screen prisoner complaints against governmental entities or officers or employees of governmental entities and to dismiss any such complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). We review de novo a district court's dismissal for failure to state a claim under § 1915A(b)(1), taking the allegations in the complaint as true. See Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). Because pro se complaints are held to a "less stringent standard than pleadings drafted by attorneys," we construe them liberally when determining whether they are sufficient to state a claim. Id. "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him or] her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

It is well-settled that a prisoner in custody is barred from challenging the lawfulness of his conviction or confinement in a suit for damages under § 1983 if (1) the action, if successful, would demonstrate the invalidity of the underlying

conviction or sentence; and (2) his conviction or sentence has not already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994).

To the extent that Price's claim was a challenge to the legality of his confinement, it was barred under the Heck doctrine. Because a judgment in favor of Price finding that the DOC lacked authority to confine him without a signed, certified judgment of conviction would necessarily call into question the validity of his sentence, Price was required to show that his conviction or sentence had been reversed, expunged, or invalidated. See id., 114 S. Ct. at 2372. As Price failed to make this showing, his exclusive remedy for challenging the fact of his confinement was through a habeas corpus petition. See Bradley v. Pryor, 305 F.3d 1287, 1289-90 (11th Cir. 2002). The result is the same even if we liberally construe Price's complaint as a challenge to the procedure, rather than the result, of the state court proceedings because a judgment in favor of Price on such a claim would also imply the invalidity of his sentence. See Harden v. Pataki, 320 F.3d 1289, 1295 (11th Cir. 2003) (noting "that a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief

5

would be to invalidate the state sentence he is serving") (quotation marks and citation omitted).

## III. CONCLUSION

Price appeals the district court's <u>sua</u> <u>sponte</u> dismissal of his 1983 civil rights complaint. Because a judgment in favor of Price would call into question the validity of the sentence he is serving, the district court did not err in dismissing his § 1983 complaint for failure to state a claim.

**AFFIRMED.**