[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13855
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00051-CV-CAM-1

CARLOS ISRAEL DIAZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
THE STATE OF GEORGIA,
BILL MCBROOM,
District Attorney, Griffin Judicial Circuit,
RANDALL JOHNSON,
Sheriff, Fayette County,
FAYETTE COUNTY SHERIFF OFFICE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 16, 2010)

Before DUBINA, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Appellant Carlos Israel Diaz, a Georgia state prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint, pursuant to 28 U.S.C. § 1915A. On appeal, Diaz argues that the Vienna Convention on Consular Relations ("VCCR") confers private enforceable rights on individuals, and that we should overrule our contrary holding in *Gandara v. Bennett*, 528 F.3d 823 (11th Cir. 2008). Diaz also argues that the district court erroneously dismissed his allegations of constitutional deprivations stemming from mistreatment he received in the Georgia state prison system. He contends that he stated a cause of action for the mistreatment under both 42 U.S.C. § 1983 and the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350.

We review *de novo* a decision to dismiss a claim under 28 U.S.C. § 1915A, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). We apply the same standard of review for dismissals under § 1915A as we do for Federal Rule of Civil Procedure 12(b)(6) dismissals. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110.

2

Section 1915A of the Prison Litigation Reform Act ("PLRA") provides that "[t]he court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to dismiss the complaint or portions thereof, if the complaint "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b). In addition, the PLRA requires inmates to exhaust available administrative remedies before filing a lawsuit pursuant to 42 U.S.C. § 1983. *Leal*, 254 F.3d at 1279 (*quoting* 42 U.S.C. § 1997e(a)). "This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." *Id.* (internal quotation marks omitted).

In *Gandara*, we held that Article 36 of the VCCR does not confer judicially enforceable individual rights. 528 F.3d at 829. Our holding applies irrespective of whether an individual petitioner attempts to enforce Article 36 pursuant to § 1983 or the ATCA, 28 U.S.C. § 1350. *See id.* at 830 n.1 (Rodgers, J., specially concurring) (noting that the petitioner had filed his VCCR claim pursuant to both § 1983 and § 1350).

The ATCA is not only a jurisdictional statute, but it also "provides a cause of action for the modest number of international law violations with a potential for personal liability at the time of its enactment." *Aldana v. Del Monte Fresh*

*Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (internal quotation marks and alterations omitted). To state a claim for relief under the ATCA, a plaintiff must prove a *prima facie* case that he is "(1) an alien, (2) suing for a tort, which was (3) committed in violation of international law." *Id.* We have previously held that non-torture claims of cruel, inhuman, and degrading treatment or punishment are not cognizable under the ATCA. *Id.* at 1247.

Because we are bound by our prior precedent unless and until it is overturned by this Court *en banc* or by the U.S. Supreme Court, *see United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2825 (2009), we affirm the district court's dismissal of Diaz's claims in relation to the VCCR, whether brought pursuant to 42 U.S.C. § 1983 or the ATCA.

Diaz's remaining claims allege violations of the U.S. Constitution for the mistreatment he received in jail. If Diaz brought the claims under 42 U.S.C. § 1983, he fails to challenge the district court's conclusion that he did not exhaust his administrative remedies and, therefore, abandons this issue. *See Sepulveda v. United States Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("[w]hen an appellant fails to offer argument on an issue, that issue is abandoned"). Instead, if Diaz brought the claims under the ATCA, he is basing his prison mistreatment claims on a violation of the U.S. Constitution, not international law, and the

4

mistreatment Diaz alleges is not cognizable under the ATCA. *Aldana*, 416 F.3d at 1247. Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**