[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16030
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01210-CV-4-RBP-PWG

JEROME TERRY,

Plaintiff-Appellant,

versus

CHARLES BAILEY,
Correctional Officer,
BISHOP,
Correctional Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 27, 2010)

Before BLACK, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Jerome Terry, an Alabama state prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. §1915A, of his 42 U.S.C. § 1983 civil rights action. Terry claims prison officials violated his Eighth Amendment rights by failing to prevent an altercation between Terry and fellow inmate, Ethan Dorsey, and by failing to intervene during the altercation.[1] On appeal, Terry primarily reiterates the arguments he made before the district court. We address his arguments as to each claim in turn, and affirm.

Section 1915A requires a court to review a prisoner's civil complaint against a government entity or officer before or soon after docketing the case to determine whether the case is frivolous, malicious, fails to state a claim, or whether it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A (a), (b).[2] This Court reviews *de novo* the district court's *sua sponte*

---

[1] In his report and recommendation, the magistrate judge also addresses Terry's claim that the guards were deliberately indifferent to his medical needs. Even liberally construing his brief, however, Terry fails to argue this issue on appeal and we, therefore, need not discuss it. *See Greenbriar, Ltd. v. Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (demonstrating a party waives issues not argued on appeal).

[2] Finding Bailey and Bishop were entitled to qualified immunity, the magistrate judge dismissed Terry's complaint under 28 U.S.C. § 1915A(b)(2) which authorizes dismissal of a prisoner's claim seeking monetary relief from a defendant who is immune from such relief. Because we find no constitutional violation, however, we need not reach the issue of qualified immunity and affirm the dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (noting that this Court may affirm the district court's judgment "on any ground that finds support in the record.").

dismissal under § 1915A, taking as true the allegations in the complaint. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law," that is, a person who "acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Eighth Amendment provides a federal right against the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.

I.

We first address Terry's claim that prison officers Bailey and Bishop failed to prevent his altercation with his cellmate Dorsey. Although "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," not every instance of inmate on inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 1976-77 (1994) (quotations omitted). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828, 114 S. Ct. at 1974. In order to constitute "deliberate indifference," the prison official (1) must have subjective knowledge of the risk of serious harm, and (2) must

3

nevertheless fail to reasonably respond to the risk. *Id.* at 837-38, 114 S. Ct. at 1979-80. "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . . The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and quotations omitted).

Terry fails to allege facts indicating Bailey and Bishop had any knowledge of an impending risk of serious harm to Terry and thus fails to sufficiently plead a basis for deliberate indifference. Terry conceded before the district court and concedes on appeal that he could not have put the guards on notice of an impending attack by Dorsey, because even Terry did not anticipate that Dorsey would attack him. Without alleging facts indicating Bailey and Bishop had subjective knowledge of the impending attack, Terry's claim that they violated his Eighth Amendment rights by failing to prevent the attack fails.

## II.

We next address Terry's claim that certain, unspecified prison officials failed to intervene in Dorsey's attack on Terry.[3] Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a

[3]Although it is unclear if Terry intended to bring a failure to intervene claim, we construe his complaint liberally and address the claim accordingly. *See Boxer X v. Harris*, 437 F.3d at 1110.

constitutional violation occurs in their presence. *Ensley v. Soper,* 142 F.3d 1402, 1407 (11th Cir. 1998). However, in order for liability to attach, the officers must have been in a position to intervene. *See id*. (citing *Thompson v. Boggs*, 33 F.3d 847 (7th Cir. 1994)). Terry claims that some prison officers were outside of the cubicle area where the altercation took place and merely watched he and Dorsey fight, but Terry does not allege facts indicating that the duration of the fight or the position of the guards were such that the guards would have been in a "position to intervene." Terry similarly fails to name the officials outside the cubicle area at the time of the fight, making it unclear if they are even parties to this suit. These deficiencies are fatal to Terry's claim for failure to intervene.

We affirm the district court's dismissal of Terry's complaint under 28 U.S.C. § 1915A for failure to state a claim.

**AFFIRMED.**