[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2011
JOHN LEY
CLERK

No. 10-11818
Non-Argument Calendar
_____

D. C. Docket No. 2:09-cv-02533-LSC-PWG

DERRICK LAVELL WILLIAMS,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,
JEFFERSON COUNTY COURT,
LARRY LANGFORD,
Commissioner,
BETTY COLLINS,
COSTA,
Sheriff, et al.,

Defendants-Appellees,

ANNE MARIE ADAMS,
Court Clerk, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 27, 2011)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Derrick L. Williams, an Alabama state prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915A, of his amended 42 U.S.C. § 1983 civil rights action. Williams asserts two issues on appeal, which we address in turn. After review, we affirm the district court.[1]

I.

Williams first asserts the district court erred when it dismissed his § 1983 complaint for failure to state a claim because the applicable statute of limitations had expired. Williams alleged he was deprived of his constitutional rights involving his state criminal proceedings and confinement in the Jefferson County jail from February 2005 to February 2006.[2]

_____

[1] "A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed *de novo*, taking the allegations in the complaint as true." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

[2] Specifically, Williams alleged his constitutional rights were violated when: (1) he was prevented from representing himself in a state court action, (2) his *pro se* filings were not

2

A district court may dismiss a § 1983 complaint for failure to state a claim if the action would be barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the §1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The governing limitations period in Alabama is two years. *See* Ala. Code § 6-2-38.

The district court did not err in dismissing Williams's claims as time barred because the alleged injury occurred more than two years before the filing of his December 2009 complaint. *See Jones*, 549 U.S. at 214-15.

II.

Williams next asserts the district court erred in finding that his remaining claims against Alabama State Judge Clyde E. Jones were barred by absolute judicial immunity. Williams alleged his constitutional rights were violated by Judge Jones in March 2010 when he refused to appoint Williams' attorney of

---

accepted by the state court, and (3) trial proceedings were conducted outside of his presence. He further claimed he was kept in unsanitary conditions in the jail and that current and former county commissioners failed to respond to his grievances regarding the conditions in the jail.

choice and hindered Williams from pursuing and maintaining his civil rights action.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted and emphasis added). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Further, the district court may dismiss a claim based on absolute judicial immunity if it represents an "obvious bar" based on the allegations in the complaint. *Id.* at 1070 n.2.

The district court did not err in dismissing Williams' claims against Judge Jones because all of Williams' claims related to the actions of Judge Jones acting within his judicial capacity and performing a "normal judicial function." *See*

4

*Sibley*, 437 F.3d at 1070. To the extent Williams argues Judge Jones acted out of anger or for personal gain, his argument is without merit, as this does not show that the judge's actions were in "clear absence of all jurisdiction." *See Bolin*, 225 F.3d at 1239. Accordingly, we affirm the district court's dismissal of Williams' amended § 1983 complaint.[3]

   **AFFIRMED.**

---

[3]We deny as moot Williams' "Motion to Addendum Brief/Exhibits," filed on April 4, 2011.