[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10508
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:08-cv-80940-KAM

RODGER LOVETTE,

Plaintiff - Appellant,

versus

LORVIA PAUL,

Defendant - Appellee,

SUSAN CICIRRELLI,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2011)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Rodger Lovette appeals an unfavorable jury verdict on his section 1983 pro se prisoner complaint alleging that Defendant-Appellee prison guard Lorvia Paul retaliated against Plaintiff in violation of his First Amendment rights. No reversible error has been shown; we affirm.

The essence of Plaintiff's First Amendment claim is that Paul filed a disciplinary report -- that Plaintiff argues was false -- in retaliation for grievances that Plaintiff had filed against Paul. "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). To state a First Amendment retaliation claim under section 1983, a prisoner must show that (1) his speech was constitutionally protected; (2) he suffered adverse action such that the administrator's allegedly retaliatory conduct likely would deter a person of ordinary firmness from engaging in such speech; and (3) a causal relationship existed between that retaliatory act and the protected speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

The heart of Plaintiff's argument on appeal is that he presented sufficient evidence to the jury that the disciplinary report issued by Paul was false and was

written in retaliation for grievances filed against Paul.  In sum, Plaintiff argues the jury reached the wrong result.  But in reviewing the record, we must neither second-guess the jury nor substitute our own judgment for that of the jury if the jury's verdict is supported by sufficient evidence.  See Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002).  And because Plaintiff made no motion for a directed verdict, see Wilson v. Attaway, 757 F.2d 1227, 1237 (11th Cir. 1985) ("sufficiency of the evidence supporting jury verdict is not reviewable on appeal ... unless a motion for directed verdict was made at the close of all evidence"), we review only "whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was noted which, if not noticed, would result in a manifest miscarriage of justice."  Id. (internal quotations omitted).

The jury found that Plaintiff 's grievance was constitutionally protected speech; he satisfied the first part of the retaliation test.  But evidence existed that the second and third parts of the retaliation test were not satisfied.  About the second part,  Plaintiff admitted that Paul's alleged retaliatory filing of a disciplinary report did not deter him from filing further grievances.  About the third part, the jury heard testimony that Paul followed applicable procedure in issuing the disciplinary report and was not motivated to act in retaliation for

3

Plaintiff's grievances against her. Although Plaintiff testified that the disciplinary report was falsified, Plaintiff admitted that he had been convicted of a crime of dishonesty in the last ten years. The jury was free to believe the testimony of Defendant Paul rather than Plaintiff's protestations of innocence.

We have considered all arguments advanced by Plaintiff; no reversible error has been shown.[*]

AFFIRMED.

---

[*] Plaintiff's argument that the jury instructions were misleading is without merit. The bases of his challenge on appeal are that (i) the instructions were misleading because they were not tailored to the facts of this case; and (ii) the instructions' requirement that the jury find that Plaintiff was "intentionally retaliated against" is a misstatement of the law. No objection on these bases was made below; plain error review applies. "When reviewing a jury instruction under the plain error standard, we will reverse only in exceptional cases where the error is so fundamental as to result in a miscarriage of justice." Montgomery v. Noga, 168 F.3d 1282, 1294 (11th Cir. 1999) (internal quotations and citations omitted). The court's jury instructions were not plainly erroneous. The instructions were tailored to the facts of the case and were modeled on the Eleventh Circuit's pattern jury instructions. Error in the instructions -- if error exists -- is neither plain nor fundamental.

4