[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10286
Non-Argument Calendar
_____

D.C. Docket No. 7:14-cv-01756-RDP-TMP

GILBERT J. WALLACE,

Plaintiff-Appellant,

versus

LEE N. HAMMONTREE,
JAMES WHITLEY,
JAMES BUTLER,
CORIZON MEDICAL SERVICE PROVIDER,
BROOKWOOD MEDICAL CENTER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 10, 2015)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gilbert Wallace appeals pro se the district court's sua sponte dismissal under 28 U.S.C. § 1915A(b)(1) of his 42 U.S.C. § 1983 complaint against Dr. Lee Hammontree, Dr. James Whitley, Dr. James Butler, Corizon Medical Service, and Brookwood Medical Center.  On appeal, Wallace argues that the defendants were deliberately indifferent in providing him medical care, in violation of the Eighth Amendment, by misdiagnosing him and causing the unnecessary removal of his kidney.  After thorough review, we affirm.

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  The complaint is viewed in the light most favorable to the plaintiff, and the plaintiff's well-pleaded facts are accepted as true.  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).  To avoid dismissal, the complaint must state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To establish deliberate indifference, a plaintiff must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."

2

Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (quotation omitted). Medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotation omitted). Incidents of negligence or malpractice do not rise to the level of constitutional violations. Id. Claims concerning the doctor's medical judgment, such as whether the doctor should have used another form of medical treatment or a different diagnostic test, are inappropriate claims under the Eighth Amendment. Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995).

Wallace's complaint does not state a claim for deliberate indifference. He alleges that in March of 2012 he began having stomach problems and underwent a series of tests while under the care of Dr. Hammontree, including ultra sounds, CAT scans, biopsies, and blood tests. Following these examinations, Dr. Hammontree told Wallace that he had cancer in one of his kidneys that required its removal. Yet after the kidney was removed, he continued to have stomach problems. In February 2013, at a follow-up visit at Brookwood Medical Center, physicians informed him that he in fact had never had cancer and instead was suffering from "an abnormal swelling in [his] stomach." When he questioned the medical staff about how such a mistake could have occurred, he was told that he "still had a good kidney and could live well with just the one."

3

Construing these allegations in a light most favorable to Wallace, he has nevertheless failed to state a claim cognizable under the Eighth Amendment or § 1983. While the physicians may have unnecessarily removed Wallace's kidney, he has alleged nothing to suggest that the doctors' conduct was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris, 941 F.2d at 1505. Rather, this claim at best amounts to medical malpractice, a claim that does not rise to the level of a constitutional violation. Id. As we've said, claims concerning a doctor's medical judgment, such as whether the doctor should have used another form of medical treatment or a different diagnostic test, are inappropriate claims under the Eighth Amendment. Adams, 61 F.3d at 1545. Thus, the district court did not err in dismissing his complaint. Id.

**AFFIRMED**.

4