[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13498
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-20333-UU

ANDREW TAYLOR HUTCHINSON,

Plaintiff-Appellant,

versus

WEXFORD HEALTH SERVICES, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Andrew Hutchinson, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution.  The district court sua sponte dismissed Hutchinson's action under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Hutchinson raises three primary arguments on appeal.  First, the district court should have reviewed his complaint under 28 U.S.C. § 1915(e)(2)(B) rather than 28 U.S.C. § 1915A.  Second, he properly stated a claim for relief, specifically that he received inadequate medical care when the medical personnel at the Dade Correctional Institution acted with deliberate indifference by losing his medical documents, providing inadequate explanations of medications, administering incorrect medications to him, and delaying his medication.  Third, the district court erred in dismissing his claim because the magistrate judge's report and recommendation and the district judge's order contained inaccuracies.  We address each argument in turn.

## I.

Hutchinson contends that the magistrate judge and the district court used the wrong statute to screen and review his complaint.  He avers the complaint should not have been reviewed under 28 U.S.C. § 1915A because the defendants are not

government entities; instead, the complaint should have been initially screened under 42 U.S.C. § 1997e(c)(1) and reviewed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 1915A, district courts are required to screen civil complaints filed by prisoners against governmental entities or employees, and dismiss any portion of the complaint that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief.  A similar provision appears in 28 U.S.C. § 1915(e)(2)(B), but that provision applies to *in forma pauperis* complaints.  And, 42 U.S.C. § 1997e(c)(1) applies to claims brought in the district court before administrative remedies have been exhausted.

Here, Hutchinson is a prisoner filing suit against persons and entities who contracted with the Florida Department of Corrections to perform a public function of providing medical services at a state correctional facility.  Hutchinson brought his complaint under 42 U.S.C. § 1983.  Given § 1983 requires defendants to act under the color of state law, Hutchinson could not have brought the complaint unless the named defendants were state actors.  Therefore, 28 U.S.C. § 1915A is the correct statute under which Hutchinson's claim should be reviewed, and, under that review, Hutchinson's complaint failed to state a claim upon which relief could be granted (see Part II, *infra*).  Indeed, even if the district court erred in reviewing the complaint under § 1915A, review under § 1915(e)(2)(B) would have the same

result because Hutchinson proceeded *in forma pauperis* and failed to state a claim upon which relief could be granted.  Moreover, § 1997e(c)(1) is inapplicable because the district court did not dismiss for failure to exhaust administrative remedies.

**II.**

Hutchinson next argues that he stated a claim upon which relief could be granted against each defendant by listing his serious medical conditions and the deliberately indifferent actions of the defendants in his complaint.  He claims he established a pattern of deliberate indifference to his serious medical conditions that violated his constitutional rights.

We review de novo a district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, "taking the allegations in the complaint as true." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  The facts as pled in a complaint must "state a claim [for] relief that is plausible on its face" to avoid dismissal for failure to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

Here, Hutchinson raises claims under 42 U.S.C. § 1983.  A claimant is entitled to redress under § 1983 if he can prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity

4

protected by the Constitution or laws of the United States.  Hutchinson's claims are based on alleged violations of the First, Eighth, and Fourteenth Amendments.

The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).  "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

In his complaint, Hutchinson pled some, but not all, facts needed to establish a violation of his Eighth Amendment rights.  While Hutchinson established that he has serious medical conditions and that the medical staff was aware of them through his filed grievances and medical records, he has not pled facts to establish that the medical staff disregarded any risks associated with the medical conditions. Instead, in response to his inquiries, the medical staff told him to seek medical treatment if any symptoms arose.

Furthermore, Hutchinson received consistent and continuous treatment, as shown by the lengthy grievances he filed.  Rather than being deprived treatment, Hutchinson simply disagreed with the specific medication he received.  *See Estelle*, 429 U.S. at 107–08, 97 S. Ct. at 292–93 (holding that a disagreement over matters

of medical judgment cannot support a deliberate indifference claim); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).  Hutchinson has not pled facts sufficient to show that the alleged indifferent behavior, including lost documents, inadequate explanations of medications, incorrect medications, and delayed medication, caused harm to him.  *See Taser Int'l, Inc.*, 588 F.3d at 1306–07.  Also, Hutchinson has not demonstrated that the medical personnel's conduct amounted to anything more than negligence.  *See Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (noting that deliberate indifference claims require more than negligence).  Thus, Hutchinson has not stated a claim for which relief can be granted under the Eighth Amendment.[1]

## III.

Hutchinson argues that the report and recommendation adopted by the district court is inaccurate because it refers to the South Florida Reception Center and a motion for a protective order.  The district court adopted these findings and, additionally, put the wrong name on the order.  Furthermore, the district court inaccurately referenced the statute under which the magistrate judge recommended that the complaint be dismissed: the district court stated that the magistrate judge

---

[1] Additionally, Hutchinson has not stated a claim under the First or Fourteenth Amendments.  While Hutchinson stated broadly that his First and Fourteenth Amendment rights were violated, he pled no facts that would give rise to a claim under those amendments.  Viewing the facts liberally, Hutchinson has not "raise[d] a right to relief above the speculative level."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  Therefore, the district court did not err in dismissing Hutchinson's complaint for failure to state a claim upon which relief could be granted.

recommended "that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)" and dismissed the complaint "for reasons stated in Magistrate Judge White's Report." However, the magistrate judge dismissed the complaint pursuant to 28 U.S.C. § 1915A.

Rule 61 of the Federal Rules of Civil Procedure provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground . . . for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61. The errors Hutchinson raises do not affect his substantial rights because they would not alter the outcome of the district court's decision. *See id.* Under 28 U.S.C. § 1915A and § 1915(e)(2)(B), the district court is required to dismiss a complaint for failure to state a claim if the claimant is a prisoner or proceeding *in forma pauperis*, respectively. Thus, both statutes apply to Hutchinson because he is a prisoner and he proceeded *in forma pauperis*, and both statutes can properly be used to dismiss his complaint for failure to state a claim. As discussed above, the district court properly assessed the facts required to establish a claim upon which relief could be granted and correctly concluded that Hutchinson did not raise a right to relief.

**IV.**

Upon reviewing the record and considering Hutchinson's arguments on appeal, we find no reversible error.  Therefore, we affirm the judgment of the district court.

**AFFIRMED.**