[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13465
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00076-CV-4-SPM-WCS

ALAN BOYD CURTIS,

Plaintiff-Appellant,

versus

UNITED STATES,
UNITED STATES EMBASSY,
JAMES ARTHUR HELLICKSON,
RENE MARIE BAUER,
JOSEPH ANTHONY BULONE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 27, 2010)

Before WILSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Alan Boyd Curtis, a state prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his complaint alleging breach of contract in connection with his extradition from Spain. Because we conclude that the district court erred by dismissing the complaint at this stage of the litigation, we vacate and remand for further proceedings.

Curtis was charged in Florida state court with sexual battery and robbery in case number 99-09803. He also faced charges for kidnaping and two counts of sexual battery in case number 05-04078. In 2006, Spain agreed to extradite Curtis if the U.S. government agreed to the terms of a Diplomatic Note specifying that Curtis would not be sentenced to an indeterminate sentence of life without the possibility of parole. The U.S. government agreed to this provision, and Curtis was extradited. In 2007, Curtis was sentenced in case 99-09803 to fifteen years. In 2008, he was sentenced in case 05-04078 to two consecutive terms of life imprisonment to run consecutively to the sentences imposed in case 99-09803.

Curtis then filed a complaint in federal court against the United States, alleging that the government had breached its extradition agreement with Spain. He requested rescission of the contract and his return to Spain. After reviewing the complaint, the magistrate judge noted that it was unclear whether Curtis was extradited in connection with case 99-09803 or case 05-04078, and the court

instructed Curtis to clarify this in an amended complaint bearing his signature.  The magistrate judge further questioned whether (1) Curtis had standing to bring his claims, (2) a challenge to extradition should be raised in a habeas petition, and (3) the action would be *Heck*[1]- barred because Curtis was seeking to invalidate his sentence.

Curtis filed a motion to amend the order, conceding that he did not know to which case the extradition order applied, asserting that he was a third-party beneficiary of the contract between Spain and the United States, and explaining that his claims were not *Heck*-barred because he was only challenging the location where the sentence would be served.  The magistrate judge denied the motion to amend its order and instructed Curtis to file an amended complaint.

Curtis then filed the instant amended complaint, identifying as defendants the United States, the U.S. Embassy, assistant state attorneys James Hellickson and Rene Bauer, and state-court judge Joseph Bulone.  He alleged that the United States and the Embassy had breached the contract with Spain when they failed to ensure that Curtis received a determinate sentence as agreed upon in Diplomatic Note # 426, and that they fraudulently induced Spain to extradite him when they never intended to limit the sentences imposed.  He further alleged that Hellickson,

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Bauer, and Bulone breached the terms of the Diplomatic Note by seeking enhanced penalties and by imposing consecutive life sentences.

After concluding that Curtis had not remedied the deficiencies in the initial complaint, the magistrate judge recommended dismissal without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2).

Relevant to this appeal, Curtis objected to the magistrate judge's conclusion that he lacked standing and that his claims were *Heck*-barred. The district court adopted the recommendation and dismissed Curtis's complaint without prejudice for failure to state a claim. After the district court denied Curtis's motions to alter or amend the judgment and for reconsideration, Curtis appealed.

In his appellate brief, Curtis argues that the district court erred by dismissing his complaint for lack of standing.[2] According to Curtis, he was a third-party beneficiary of a contract between the United States and Spain, and under the Supremacy Clause, the state court was bound to enforce the terms of the Diplomatic Note. He asserts that he should be allowed to rescind the extradition

---

[2] Curtis accuses the state attorneys of committing fraud to induce Spain to extradite him, and he contends that he was extradited on both cases 99-09803 and 05-04078. Curtis also asserts that he was unlawfully convicted and sentenced in case 99-09803, that the state attorneys exceeded their authority in charging him in that case, and that the alleged victim has since recanted her accusations. Because Curtis raises these claims for the first time on appeal, they are not properly before this court. *See Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1222 n.8 (11th Cir. 2004). In any event, these claims go directly to the validity of his conviction and sentence and thus are *Heck*-barred. *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003).

4

due to the breach.

Curtis also contends that the court could not dismiss his claims under 28 U.S.C. § 1915(e) because he was not proceeding *in forma pauperis* ("IFP").[3] Although he is correct that § 1915(e) applies only to those proceeding IFP, the court had the authority to dismiss the complaint for failure to state a claim regardless of whether the inmate was able to pay the filing fee. *See* 28 U.S.C. § 1915A(b)(1). We will therefore analyze this case under the standards applicable to § 1915A.

We review a district court's *sua sponte* dismissal for failure to state a claim under § 1915A(b)(1) *de novo*, using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Here, the district court dismissed Curtis's amended complaint on several grounds. First, the court found that it was unclear which case had been the basis

---

[3] There is no merit to Curtis's claim that the magistrate judge lacked authority to issue a recommendation. *See* 28 U.S.C. § 636(b)(1).

for Curtis's extradition, and if it was the 99-09803 case, there was no breach because Curtis received determinate sentences. Second, the court determined that a habeas petition was the proper means to challenge extradition. Third, the court concluded that Curtis lacked standing to object to the extradition. Finally, the court found that Curtis's claims were *Heck*-barred. We conclude, however, that none of these reasons supports dismissal of Curtis's complaint at this stage of the litigation.

First, Curtis attached the Diplomatic Note to his complaint, but the extradition request is not part of the record. Moreover, the record does not explain the time frame of Curtis's convictions and extradition, and therefore we are unable to clarify which charges were the basis for extradition.

Second, it remains an open question whether a defendant may challenge his extradition in a habeas petition or if there are other avenues of relief available.

Third, at this stage of the litigation, we cannot conclude that Curtis lacks standing. "Because the surrender of the defendant requires the cooperation of the surrendering state, preservation of the institution of extradition requires that the petitioning state live up to whatever promises it made in order to obtain extradition." *United States v. Valencia-Trujillo*, 573 F.3d 1171, 1174 (11th Cir. 2009) (citing *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1305 (11th Cir.

6

2000).

Here, the district court did not have a copy of the treaty or the extradition request, but it did have a copy of the Diplomatic Note issued by the United States giving assurances that Curtis would not be subjected to an indeterminate sentence. Because such a sentence was imposed, there was a breach of the condition of extradition, and Spain would have the authority to object to the violation. If standing is based on the rendering country's power to object, Curtis would have standing here. *Valencia-Trujillo*, 573 F.3d at 1174 (citing *Gallo-Chamorro*, 233 F.3d at 1305); *see also United States v. Puentes*, 50 F.3d 1567, 1571-72 (11th Cir. 1995) ("We hold that a criminal defendant has standing to allege a violation of the principle of specialty. We limit, however, the defendant's challenges under the principle of specialty to only those objections that the rendering country might have brought.").

Finally, Curtis's claims are not *Heck*-barred. *Heck* bars monetary damages under 42 U.S.C. § 1983. *See Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003) (noting "that a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving."). Here, Curtis does not seek money damages and did not file a civil rights action. Thus, *Heck* is inapplicable.

7

Accordingly, we conclude that the district court's dismissal of Curtis's complaint was premature. We, therefore, vacate and remand with instructions to reinstate the amended complaint.

**VACATED and REMANDED.**