[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

No. 10-13573
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-03262-CAP

DANIEL W. TAYLOR,

Plaintiff - Appellant,

versus

MYRON FREEMAN, et al.,

Defendants,

SGT. WESLEY CARMACK,
Fulton County Deputy Sheriff,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 16, 2011)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Daniel W. Taylor, proceeding pro se, appeals the district court's grant of summary judgment in favor of Defendant-Appellee Sergeant Wesley Carmack in his 42 U.S.C. § 1983 lawsuit.[1] No reversible error has been shown; we affirm.

On May 7, 2008, Taylor assaulted his wife at their apartment complex, and she obtained a protective order requiring Taylor to stay away from the apartment. Carmack -- an off-duty police officer who worked as a security guard at the apartment complex -- was instructed to notify the police if anyone saw Taylor on the property. On May 9, after receiving a report that Taylor was at the apartment, Carmack entered the apartment, found Taylor, and attempted to arrest him. When Taylor resisted arrest, a physical struggle ensued, during which Carmack shot Taylor in the foot. As a result of the May 9 incident, Taylor was convicted of burglary, aggravated assault on a peace officer, and obstruction of a law enforcement officer.

Taylor filed a civil rights complaint against Carmack, pursuant to 42 U.S.C. § 1983, asserting claims of illegal entry, false arrest, false imprisonment, and

---

[1]We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

excessive force.[2]  Following its frivolity review under 28 U.S.C. § 1915A, the district court dismissed Taylor's false arrest and false imprisonment claims as barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994), concluding that he failed to demonstrate that his detention had been reversed or invalidated.  The court allowed Taylor's excessive force claim to proceed, but failed to address Taylor's illegal entry claim.  The district court then granted Defendant Carmack's motion for summary judgment.

On appeal, Taylor reasserted his claims for false arrest and false imprisonment.[3]  We review de novo a district court's decision to dismiss for

---

[2]Taylor also asserted a claim for retaliation but presents no argument on this issue on appeal.  Thus, that issue is abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

In his appellate brief, Taylor states that he struggled with the litigation after the district court denied his request for replacement appointed counsel and that Carmack failed to comply with various discovery requests.  Because he failed to present meaningful argument on either of these issues, they are also deemed abandoned.  See id.

[3]Taylor also asserts that Carmack invaded his right to privacy, committed criminal trespass, and searched his home and seized him in violation of the Fourth Amendment.  These claims were raised for the first time in Taylor's motion for leave to file an amended complaint, which the district court denied.  Because Taylor had already filed four amendments to his complaint, filed his motion for leave to amend well after the discovery period had closed, and relied on the same underlying facts set forth in his earlier complaints, the district court did not abuse its discretion in denying him leave to amend.  See Jameson v. Arrow Co., 75 F.3d 1528, 1535 (11th Cir. 1996) (concluding that, given plaintiff's delay in seeking to amend her complaint for the third time and her prior knowledge of the facts giving rise to her new claim, the district court did not abuse its discretion in denying plaintiff's motion for leave to amend).  Thus, Taylor's claims were not raised properly below, and will not be considered on appeal.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

failure to state a claim under 28 U.S.C. § 1915A.[4]   Boxer X v. Harris, 437 F.3d

1107, 1110 (11th Cir. 2006).  We may affirm on any ground supported by the

record.  Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Under Heck, a state prisoner may not bring a claim for damages under

section 1983 if "a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction."  114 S.Ct. 2364, 2372 (1994).  A claim cannot be

dismissed as barred by Heck, however, if it only "would impugn an anticipated

future conviction."  Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007) (emphasis

omitted) (noting that, in such a case, "it is within the power of the district court,

and in accord with common practice, to stay the civil action until the criminal case

or the likelihood of a criminal case is ended.").

We conclude that the district court erred in determining that Taylor's claims

for false arrest and false imprisonment were barred under Heck because -- as

Defendant Carmack concedes -- Taylor had not yet been convicted when the

---

[4]Although Taylor's notice of appeal specified only that he was appealing the district court's order granting Carmack's motion for summary judgment, an appeal from a final judgment brings up for review all preceding non-final orders.  See Barfield v. Brierton, 883 F.2d 923, 930-31 (11th Cir. 1989).  Thus, we have jurisdiction to review Taylor's false arrest and false imprisonment claims, which were dismissed before service of process, pursuant to section 1915A.

To the extent that Taylor argues that he was falsely arrested and imprisoned in violation of state law, however, he has waived these claims by failing to raise them in either his original or amended complaints.  See Access Now, Inc., 385 F.3d at 1331.

4

district court conducted its frivolity review. See Wallace, 127 S.Ct. at 1098. Nevertheless, because Taylor ultimately was convicted of obstruction of a law enforcement officer in violation of O.C.G.A. § 16-10-24 -- which requires an officer to be engaged in the lawful performance of his duties -- and Taylor fails to demonstrate that his conviction was reversed or invalidated, his claims for false arrest and false imprisonment are now barred by Heck. As a result, we conclude that, although the district court erred in dismissing these claims prematurely, the error was harmless. For the same reason, the district court's error in failing to address Taylor's illegal entry claim was harmless because that claim is also now barred by Heck.

Taylor also argues that the district court erred in granting Carmack summary judgment on his excessive force claim. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). "Summary judgment is appropriate if the evidence establishes 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citing Fed.R.Civ.P. 56(c)).

5

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Id. at 1244. In evaluating whether the force used during an arrest was objectively reasonable, we must conduct a case-by-case review, examining "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 109 S.Ct. 1865, 1872 (1989). We have concluded that the Constitution also "permit[s] the use of deadly force against a suspect who poses not merely an escape risk (because he is not yet in police control), but also an imminent danger to a police officer or others." McCormick, 333 F.3d at 1246 (concluding that an officer's decision to shoot the suspect was objectively reasonable when the officer had probable cause to believe that the suspect had committed a violent felony, reasonably perceived that the suspect posed an imminent threat of violence to the officer and others, and where the suspect ignored repeated commands to drop his weapon).

Viewing the evidence in the light most favorable to Taylor, we conclude that Carmack's use of deadly force was objectively reasonable. First, Carmack was aware of Taylor's assault on his wife and the protective order against Taylor

6

and had probable cause to believe that Taylor was trespassing in violation of that order.  See O.C.G.A. § 19-13-1(2) (defining acts of "family violence" to include criminal trespass).  The evidence also demonstrates that Taylor posed an imminent danger to Carmack.  Taylor admitted that he was heavily intoxicated and "angry" when the incident occurred.  In his deposition testimony, he stated that, after Carmack secured one of his wrists in handcuffs, Taylor pulled away and swung the handcuffs into Carmack's forehead.  He then attacked Carmack physically, punching him in the back, holding him from behind until he gained control of Carmack's upper body, and refusing to let go.  Meanwhile, during this attack, Carmack was holding -- and struggling to maintain control over -- a loaded gun. On this record, we cannot say that Carmack's decision to shoot Taylor in the foot was objectively unreasonable.  Because no constitutional violation occurred, we will not address Carmack's qualified immunity defense.

AFFIRMED.