[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11409
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-04119-AT

JAMES HOLLINS,

Plaintiff-Appellant,

versus

CHARLES E. SAMUALS, JR., etc., et al.,

Defendants,

WARDEN, USP ATLANTA,
ASSOCIATE WARDEN,
FNU HUBBARD,
Education Sup.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 1, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

James Hollins, a prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his amended complaint, brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to state a claim upon which relief may be granted.  Hollins argues on appeal that his complaint properly made a prima facie showing of the elements of a First Amendment retaliation claim.  After thorough review, we affirm.

A district court must screen a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee, and must dismiss the complaint if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1).  We review de novo a sua sponte dismissal for failure to state a claim under § 1915A(b)(1), viewing the allegations in the complaint as true.  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  These dismissals are governed by the same standards that apply to dismissals for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  See Jones v. Bock, 549 U.S. 199, 215 (2007) (discussing the standards that apply to sua sponte dismissals, including dismissals under 28 U.S.C. § 1915A(b)(1), in the context of Fed.R.Civ.P. 12(b)(6) dismissals).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are, therefore, liberally construed.  Boxer X, 437 F.3d at 1110.

In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officials based on a violation of a federal constitutional right.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  To state a Bivens claim, a plaintiff must show that he was deprived of a constitutional right.  Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  We've considered a Bivens claim for an alleged First Amendment violation.  See Alexander v. Hawk, 159 F.3d 1321, 1322 (11th Cir. 1998) (in the context of prison limits on pornography).

Despite their incarceration, prisoners retain First Amendment rights because "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution."  Thornburgh v. Abbot, 490 U.S. 401, 407 (1989).  However, prisoners only retain those rights to the extent that they are "not inconsistent with [their] status as [prisoners] or with the legitimate penological objectives of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822 (1974).  For example, the constitutional "freedom of association is among the rights least compatible with incarceration."  Overton v. Bazzetta, 539 U.S. 126, 131 (2003).

To prove First Amendment retaliation, an inmate must show that: (1) his speech or act was constitutionally protected, (2) he suffered an adverse action from prison officials that would deter a person of ordinary firmness from engaging in the speech or act, and (3) the protected speech or act and adverse action were causally connected.  Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008); see Moton v. Cowart, 631 F.3d 1337, 1342 (11th Cir. 2011) ("An inmate must establish . . . 'his speech or act was constitutionally protected . . . .'").  We've routinely held that a prisoner's complaints about prison conditions, via administrative grievances, lawsuits, and the like are protected under the First Amendment.  Smith, 532 F.3d at 1276 (addressing grievances about the conditions of imprisonment); Al-Amin v. Smith, 511 F.3d 1317, 1333-34 (11th Cir. 2008) (addressing a prison's opening of mail from attorneys outside the inmate's presence).

Here, Hollins's amended complaint alleged that he was sending wages from his prison employment overseas to a Filipina nationalist student.  He claimed that, in violation of the First Amendment, prison officials retaliated against him by reducing his wages, and later, terminating his employment.  Based on these allegations, we agree that this complaint established the second element of a claim for retaliation in violation of the First Amendment because it alleged that he suffered an adverse action -- the loss of wages and employment -- that would deter a person of ordinary firmness from exercising First Amendment rights.  It also

4

satisfied the third element, because it alleged a causal relationship between the adverse action and his actions of sending his wages overseas.

However, as the district court concluded, the amended complaint did not establish the first element of a retaliation claim. See id. This is because as a prisoner, Hollins has a limited right to freedom of association, see Overton, 539 U.S. at 131 ("[F]reedom of association is among the rights least compatible with incarceration."), and Hollins has not shown that the act of sending his money to a Filipina nationalist was conduct protected by the First Amendment. Indeed, we've found no authority holding that the First Amendment protects a prisoner's conduct that involves no form of complaint or petition for redress and does not even involve verbal or written communication with someone. Rather, Hollins asserts that he, as a prisoner, has a right to transfer money to someone outside the prison and outside the country. This type of conduct is too far removed from the type of communicative conduct -- primarily literal speech -- that courts have recognized as protected under the First Amendment in the prison setting. See Jones, 433 U.S. at 130-31 (holding that "First Amendment speech rights [we]re barely implicated" by a prison policy prohibiting the delivery of union publications mailed in bulk to inmates for redistribution among other prisoners). Accordingly, because Hollins did not show that his conduct was constitutionally protected, his amended

5

complaint did not establish a First Amendment retaliation claim and the amended complaint failed to state a claim upon which relief may be granted.

**AFFIRMED.**