[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11033
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00115-JRH-WLB

BEATRICE CLARINDA ANDERSON BADGER,

Plaintiff-Appellant,

versus

MCG HEALTH, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 22, 2013)

Before DUBINA, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Beatrice Clarinda Anderson Badger, proceeding *pro se*, challenges on appeal

the district court's order granting summary judgment in favor of MCG Health, Inc.

("MCG Health") on her Family Medical Leave Act ("FMLA") retaliation claim. Badger's employment with MCG Health was terminated after she returned to work from FMLA leave.  On appeal, Badger contends that she needed additional discovery and that the district court incorrectly granted MCG Health's motion for summary judgment.  Because Badger did not make her discovery argument before the district court and did not meet her evidentiary burden in response to MCG Health's summary judgment motion, we affirm.

## I. Facts and Procedural History

MCG Health employed Badger as a nurse manager.  Badger requested and was approved for approximately one month of FMLA leave.  Based on evidence in the record, while Badger was out on leave, her supervisor discovered that Badger had failed to: create files for important documents, maintain a competency manual required for accreditation, appropriately discipline employees, minimize employee overtime, and maintain employee FMLA paperwork, among other problems.  So, when Badger returned to work, MCG Health terminated her employment.

Badger, proceeding *pro se*, filed this lawsuit alleging she was terminated in retaliation for taking FMLA leave.  After discovery—during which Badger never filed a motion to compel—MCG Health moved for summary judgment, contending that it terminated Badger for legitimate, non-retaliatory reasons.  Because Badger

2

failed to present evidence that the proffered reasons were pretextual, the district court granted MCG Health's summary judgment motion.  Badger appeals.

## II. Issues on Appeal

Badger contends (1) that she needs additional discovery and (2) that the district court erred by granting summary judgment on her FMLA retaliation claim.

## III. Discussion

We hold Badger's *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and liberally construe her arguments.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (internal citations omitted).

**A. Badger failed to preserve the argument that she needs additional discovery.**

Badger contends she "was not [allowed] to plead her case before the Court." (Appellant's Br. at 2.)  Badger then makes various discovery requests.  (*Id.* at 2–5.) Badger's main contention appears to be that she needed additional discovery to respond to MCG Health's summary judgment motion.  MCG Health responds that Badger did not preserve this issue because she raises it for the first time on appeal.

As previously stated, we construe *pro se* pleadings liberally.  *Boxer X*, 437 F.3d at 1110.  However, even applying a liberal construction, issues not presented to the district court are waived on appeal.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *see also Tannenbaum v. United States*, 148

F.3d 1262, 1263 (11th Cir. 1998) (holding that while *pro se* complaints are liberally construed, issues not raised in the district court are deemed waived). Badger does not contend that she presented this argument to the district court. After careful review, we find no such argument in the record.

Accordingly, Badger waived this argument because she did not argue before the district court that she needed additional discovery.

**B. The district court correctly granted MCG Health's summary judgment motion because Badger failed to provide evidence that MCG Health's non-retaliatory reasons for her termination were pretextual.**

Badger contends that we should "review the information submitted to the Court and to consider if the Appellant has the right to proceed with her Complaint." (Appellant's Br. at 1.) We construe this as a challenge to the district court's summary judgment order. Badger contends that summary judgment was inappropriate because the non-retaliatory reasons for her termination were not her fault, but rather resulted from systemic failures at MCG Health or a lack of proper resources. MCG Health responds that it presented evidence of legitimate, non-retaliatory reasons for Badger's termination. Furthermore, MCG Health contends these reasons were not pretextual and that Badger does not challenge their efficacy.

We review a district court's grant or denial of summary judgment de novo viewing all evidence in the light most favorable to the non-moving party. *Dolphin*

4

*LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1247 (11th Cir. 2013).   The moving party bears the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.*   The non-moving party bears the burden of presenting evidence on each essential element of its claim, such that a reasonable jury could rule in its favor.  *Id.*

"To prove FMLA retaliation, [Badger] must show that [her] employer *intentionally* discriminated against [her] for exercising an FMLA right."  *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008).   When—as in this case—there is no "direct evidence of retaliatory intent, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 93 S. Ct. 181, 36 L. Ed. 2d 668 (1973)."  *Id.* at 1268.   Under this framework, first, the employee bears the burden of establishing a valid case of retaliation.  *Id.* Second, the burden shifts to the employer to "articulate a legitimate reason" for termination.  *Id.* (internal citations omitted).   Third, the burden shifts back to the employee to show that the employer's reasons are pretextual.  *Id.*   To meet this burden, the employee must show that the reasons given were not the real reasons for termination.  *Id.*

In this case, MCG Health provided multiple non-retaliatory reasons for Badger's termination.  MCG Health contends it terminated Badger because she

5

failed to create and maintain adequate files regarding her subordinates, failed to properly enforce MCG Health's attendance policy, failed to control the amount of overtime used by her units, and failed to submit FMLA paperwork for subordinates, among other failures.

Because MCG Health offered non-retaliatory reasons for Badger's termination, the burden shifted to Badger to show that these reasons were pretextual—that they were not the real reason for her termination.  Instead of meeting this burden, Badger admits most of these failures and blames them on a variety of systemic and resource issues beyond her control.  Even taking Badger's assertions as true, these allegations fail to demonstrate that MCG Health's reasons were pretextual.  We do not sit as a "super-personnel department" determining the wisdom of an employer's business decisions.  *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010); *see also Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").  Based on Badger's allegations, arguably her termination may not have been deserved.  But, Badger presents no evidence that the reasons MCG Health offered for terminating her were pretextual.

Accordingly, the district court properly granted MCG Health's motion for summary judgment.

## IV. Conclusion

Badger waived the argument that she needed additional discovery by failing to make this argument before the district court. Badger also failed to show that MCG Health's non-retaliatory reasons for her termination were pretextual. Thus, the district court properly granted MCG Health's summary judgment motion and we affirm.

AFFIRMED.

7