[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14730
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00122-WTH-PRL


MICHAEL DONAWA,

Plaintiff-Appellant,

versus

FNU GILMORE, etc., et al.,

Defendants,

WARDEN, FCC COLEMAN II,
RAYMOND HOLT,
Regional Director - FBOP,
THOMAS R. KANE,
BOP Director,
ROY C. CHEATHAM,
Associate Warden,
LOUIS WILLIAMS,
Coleman II Captain, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2014)

Before PRYOR, MARTIN and COX, Circuit Judges.

PER CURIAM:

Michael Donawa, a federal prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his amended civil rights complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A, based on a failure to exhaust administrative remedies. In its dismissal order, the court stated that Donawa conceded his failure to exhaust, although it did not identify where the concession occurred. Because Donawa's complaint did not concede a failure to exhaust, and in fact suggested that he exhausted his administrative remedies, we reverse the district court's order and remand for further proceedings.

On appeal, Donawa contends that the district court erred in dismissing his complaint because he did not fail to exhaust his administrative remedies.[1] The Defendants did not file a response brief.

We review a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915A de novo, taking the allegations in the complaint as true.

---

[1] Donawa also contends that the district court failed to provide him with adequate notice and dismissed his complaint in order to control its docket and discourage prisoner litigation. After careful review, we find no merit in these contentions.

2

*Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  Moreover, we hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and liberally construe them.  *Id.* at 1110.

The Prison Litigation Reform Act ("PLRA") requires federal and state prisoners to exhaust available administrative remedies before bringing an action before a court.  42 U.S.C. § 1997e(a); *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).  But, a plaintiff is not required to plead or demonstrate exhaustion in the complaint because the PLRA's exhaustion requirement is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 216–17, 127 S.Ct. 910, 921–22 (2007) (discussing dismissal for failure to state a claim under § 1915A and explaining that the PLRA does not impose heightened pleading standards).  A district court may *sua sponte* dismiss a complaint under § 1915A for failure to exhaust only when lack of exhaustion "appears on the face of the complaint."  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Here, the district court erred for two reasons.  First, the record simply does not support the court's conclusion that Donawa conceded that he failed to exhaust administrative remedies.  Rather, the complaint repeatedly asserted that Donawa pursued the BOP's administrative remedies, even though Donawa was not required to affirmatively plead exhaustion.  Second, Donawa also alleged in the complaint that he was threatened and retaliated against for the administrative complaints he

did pursue. We have previously held that in some situations "a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement." *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). So, Donawa's complaint—while not a model of clarity—suggests that the exhaustion requirement was met and any event does not concede that administrative remedies were not exhausted.

The district court erred by dismissing the complaint when failure to exhaust administrative remedies was not apparent on the face of the complaint. Accordingly, the district court's order is reversed, and we remand for further proceedings.

**REVERSED AND REMANDED.**