[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15306
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00116-SCJ

JACK LINGE,

Plaintiff-Appellant,

versus

STATE OF GEORGIA INC., et al.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 24, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Jack Linge appeals from the district court's *sua sponte* dismissal of his *pro se* action against the "STATE OF GEORGIA INC., *et al*," after the court found that Linge's complaint was frivolous under 28 U.S.C. § 1915(e)(2)(B) because, under the *Rooker-Feldman* doctrine,[1] it lacked subject matter jurisdiction to consider the claims.  Linge was convicted and sentenced in Georgia state court in 2011 for abandonment, based on his failure to pay child support.  In his complaint, which was filed in January 2013, Linge referred to himself as "Jack N.: Linge" and argued that he was a sovereign citizen and the name "JACK LINGE" was a "certified title" in which he had proprietary ownership.  As a result, he argued that he was not subject to the jurisdiction of Georgia state courts or Georgia law, and he asked the district court to nullify the Georgia state court criminal proceedings, conviction, and sentence, and to prevent Georgia from collecting child support from him in the future. The district court dismissed his complaint, construing it to name the State of Georgia as the sole defendant and determining that the *Rooker-Feldman* doctrine barred the claim.

On appeal, he reiterates the arguments brought in his complaint.[2]  He claims that he is a sovereign citizen and not a citizen of Georgia nor subject to any

---

[1] The *Rooker-Feldman* doctrine is derived from *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotations omitted).

government, and makes various other claims challenging the enforceability of his Georgia state conviction.  He states that the *Rooker-Feldman* doctrine applies only to "unrebutted corporate 'persons'" not protected by the Bill of Rights.

"The *Rooker-Feldman* doctrine is jurisdictional."  *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010).  When the doctrine applies, it "bars federal district courts from reviewing state court decisions."  *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  The Supreme Court has held that the *Rooker-Feldman* doctrine is very narrow and applies only in "limited circumstances."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  It applies only to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 284.

The *Rooker-Feldman* doctrine also applies to federal claims that are "inextricably intertwined" with a state-court judgment, unless the litigant "did not have a reasonable opportunity to raise [the] federal claim in state proceedings." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  "A claim is inextricably intertwined if it would 'effectively nullify' the state-court judgment or it 'succeeds only to the extent that the state court wrongly decided the issues.'"  *Id.* (citations omitted).

3

The district court did not err in determining that it lacked subject matter jurisdiction over Linge's claim or in dismissing the claim *sua sponte* as frivolous pursuant to § 1915(e)(2)(B).[3]  The *Rooker-Feldman* doctrine barred Linge's claim, as he lost a Georgia state-court case, claimed injuries in this action based on the state-court judgment, initiated this action after the state-court judgment was final, and asked the district court to nullify the state-court judgment.  Further, to the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is "wholly insubstantial and frivolous."  *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (stating a federal court may dismiss a federal claim for lack of subject matter jurisdiction if the claim is "wholly insubstantial and frivolous").[4]

   **AFFIRMED.**

---

[3]  "We review *de novo* a district court's conclusion that it lacks subject matter jurisdiction."  *Casale v. Tillman*, 558 F.3d at 1260.  A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).

[4]  Linge's motion for initial hearing *en banc* is denied.