[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15660
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01362-LMM

CHERISE FUNDERBURK,

Plaintiff-Appellant,

versus

FANNIE MAE,
a.k.a. Federal National Mortgage Association,
BANK OF AMERICA,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 25, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Cherise Funderburk appeals pro se the grant of summary judgment to Fannie

Mae, also known as Federal National Mortgage Association ("Fannie Mae") and

Bank of America, N.A. ("Bank of America") in her promissory estoppel suit and claim for attorney's fees. She argues that: (1) the district court erred in excluding Funderburk's evidentiary submission -- of alleged statements by a Bank of America employee -- for containing inadmissible hearsay, and that her attorney ineffectively failed to get the statements admitted into evidence using Federal Rules of Evidence 803 and 406; and (2) the district court erred in granting the motion for summary judgment in favor of Fannie Mae and Bank of America on Funderbunk's promissory estoppel claim. Fannie Mae and Bank of America argue that the district court properly granted their motion for summary judgment on all claims. After thorough review, we affirm.

We review a district court's evidentiary rulings for abuse of discretion. Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007). We review de novo a grant of summary judgment. Romero v. Drummond Co., 552 F.3d 1303, 1313 (11th Cir. 2008). Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

First, we are unpersuaded by Funderburk's claim that the district court abused its discretion in excluding evidence for containing inadmissible hearsay. Evidence submitted in support of a summary judgment motion must set out facts that would be admissible under the Federal Rules of Evidence. Fed. R. of Civ. P.

2

56(c)(4).  Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Rule 803 provides exceptions to the rule against hearsay, such as a recorded recollection, which may be admitted into evidence.  Fed. R. Evid. 803(5).  Rule 406 provides that evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice.  Fed. R. Evid. 406.

Rule 801(d)(2)(D) provides that a statement by a party's agent concerning a matter within the scope of the agency is admissible evidence.  The Rule requires the proffering party to lay a foundation to show that the declarant was an agent.  Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1566 (11th Cir. 1991).  Merely showing that a statement was made by one who is identified generally as an employee of the party, without some further proof as to the scope of his employment, does not establish agency or scope of the relationship.  Id.

Here, Funderburk sought to have admitted alleged statements by a Bank of America employee promising her that if she modified her loan she would avoid foreclosure, and that if she paid all past due payments, her loan would be modified.  However, these alleged statements are hearsay because they are out-of-court statements admitted for the truth of the matter asserted -- namely, that Bank of America made a promise to modify Funderburk's loan.  They do not fit the

3

exception in Rule 803 because they are not recorded.  Nor do they fit the exception in Rule 406 because Funderburk provides no evidence of a routine or habit to which Bank of America conformed in making the statements. The statements also are not admissible under Rule 801(d)(2)(D) because Funderburk did not identify the declarant or lay the proper foundation to show that the declarant was both an agent and acting within the scope of the agency relationship.

As for her claim that her attorney was ineffective for failing to have the statements properly admitted, we again disagree.  A plaintiff in a civil case has neither a constitutional nor statutory right to effective assistance of counsel, and ineffective assistance of counsel does not provide a valid ground for appeal in a civil case.  Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1522 (11th Cir. 1983). Thus, Funderburk's ineffective assistance claim fails.

Next, we are unconvinced by Funderburk's claim that the district court erred in granting summary judgment to Fannie Mae and Bank of America on her promissory estoppel claim.  Summary judgment under Fed. R. Civ. P 56(a) is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  To withstand a summary judgment motion, the non-moving party must establish that, based on the evidence

4

in the record, there can be more than one reasonable conclusion as to the proper verdict. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). The non-moving party must set forth specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324. If the non-moving party presents insufficient proof concerning an essential element of the claim, the court is required to grant summary judgment. Id. at 323.

To prevail on a promissory estoppel claim, a plaintiff must prove that (1) the defendant made certain promises, (2) the defendant should have expected that the plaintiff would rely on such promises, and (3) the plaintiff did in fact rely on such promises to her detriment. Doll v. Grand Union Co., 925 F.2d 1363, 1371 (11th Cir. 1991). Additionally, inadmissible hearsay cannot be considered in ruling on a motion for summary judgment. Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999).

Construing Funderburk's initial brief liberally as including arguments against the merits of the district court's order granting summary judgment, we conclude that Funderburk has not established a case for promissory estoppel against Fannie Mae and Bank of America. Among other things, Funderburk has not established that the defendants made a promise. There was nothing in writing to show any alleged promise, nor any identified agent's statements. The only statements tending to show a promise were properly excluded as hearsay, and

5

cannot be considered as evidence. Thus, she has failed to show any material issue as to promissory estoppel, and the district court did not err in granting summary judgment to Fannie Mae and Bank of America on this claim.

Finally, to the extent that Fannie Mae and Bank of America argue that the district court properly granted their motion denying Funderburk's claim for attorney's fees, we agree. A party's claim for attorney's fees is contingent upon the success of her underlying claim or claims. Gilmour v. Am. Nat. Red Cross, 385 F.3d 1318, 1324 (11th Cir. 2004). In this case, Funderburk is not entitled to attorney's fees because she did not prevail on her promissory estoppel claim or any other claim. Accordingly, the district court properly granted summary judgment.

**AFFIRMED**.