[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10732
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03000-MHC


REGINALD A. WHITE,

                                                    Plaintiff - Appellant,

versus

DEKALB COUNTY,
County of Decatur, GA,
JEFFERY MANN,
Sheriff, Dekalb Co.,
DEBRA DEBERRY,
Court Clerk,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 17, 2016)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Reginald A. White, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action against a county and two of its employees for failure to state a claim upon which relief may be granted.

Mr. White was arrested in January of 2014 in DeKalb County and charged with possessing a firearm as a convicted felon, giving a false name, and possessing marijuana. According to Mr. White, all charges against him were dismissed on June 18, 2014, but he was not released from custody until August 16, 2014—more than fifty days after the charges were dismissed. Mr. White alleged that he was unlawfully confined in violation of his constitutional rights and in violation of a county release policy, which provided that an inmate whose criminal charges are dismissed must be released within 72 hours. Mr. White argues that the district court erred in finding he had failed to state a claim for false imprisonment against DeKalb County, DeKalb County Sheriff Jeffery Mann, and Superior Court Clerk Debra Deberry. We disagree.

A district court may *sua sponte* dismiss a complaint by a prisoner seeking redress from a governmental entity, officer, or employee if the complaint "is frivolous . . . or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a), (b)(1). We review such dismissal for failure to state a claim *de*

2

*novo*, taking the allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110.

We have held that, under certain circumstances, an incarcerated defendant may be deprived of his constitutional rights by prison officials for his continued detention beyond the date he was entitled to release. *See Cannon v. Macon Cty.*, 1 F.3d 1558, 1562–63 (11th Cir. 1993). Nevertheless, dismissal of Mr. White's claim was proper—for the reasons which follow.

The district court properly determined that Mr. White failed to state a claim for relief against the County. "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the

3

municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Mr. White has failed to allege that a County custom or policy caused a violation of his constitutional rights—rather, he argued that a County release policy was *not* followed in his case.

The district court also properly determined that Mr. White failed to state a claim for relief against Sheriff Mann and Clerk Deberry. A claim of false imprisonment under § 1983 "requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). "The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of the confinement." *Id.* The Fourteenth Amendment includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.*

A supervisory official may be held liable in his individual capacity under § 1983 for the unconstitutional conduct of a subordinate if the supervisor directly participated in the unconstitutional conduct or if a causal connection existed between the supervisor's acts and the constitutional violation. *Keith v. DeKalb Cty., Georgia*, 749 F.3d 1034, 1047–48 (11th Cir. 2014). A causal connection may

4

be established when a custom or policy results in deliberate indifference to constitutional rights; when a supervisor directed the subordinate to act unlawfully or knew the subordinates would act unlawfully and failed to stop them from doing so; or when a history of widespread abuse notified the supervisor of the need to correct the unconstitutional conduct, but he failed to do so. *Campbell*, 586 F.3d at 840.

Mr. White asserted, without more, that Sheriff Mann, as the individual "in charge" of all inmates held in the DeKalb County Jail, and Clerk Deberry, as the person responsible for transmitting notices of disposition of charges to the jail, must be held accountable for his alleged false imprisonment. Mr. White, however, did not allege that Sheriff Mann and Clerk Deberry intended to keep him confined following dismissal of his criminal charges or that they acted in a way that resulted in his continued confinement. Nor did he allege facts indicating that Sheriff Mann and Clerk Deberry can be held liable for false imprisonment due to their supervisory roles. *See Campbell*, 586 F.3d at 840.

Upon careful review of the record and consideration of Mr. White's brief, we conclude that Mr. White failed to state a claim upon which relief may be granted. Accordingly, we affirm the district court's dismissal of Mr. White's § 1983 action.

**AFFIRMED.**