[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10765
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00681-GKS-TBS

VICTORIA LANEY,

Plaintiff-Appellant,

versus

THOMAS RAY SLATEN, JR.,
LARSEN AND ASSOCIATES, P.L.,
JILL JORGENSEN,
SOUTHWEST PROPERTY MANAGEMENT
OF CENTRAL FLORIDA, INC.,
ROBERT MCKEY, et al.,

Defendants-Appellees,

JIM RYGH,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 1, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Victoria Laney appeals the district court's dismissal of her claims against Jill Rygh,[1] Southwest Property Management of Central Florida, Robert McKey, and The Hammocks Homeowner's Association of Orange County, Inc. (collectively, "the Hammocks defendants").[2] The district court held that Laney failed to state a claim against the Hammocks defendants under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq.; the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.; the federal Fair Housing Act, 42 U.S.C. § 3601 et seq.; and the Florida Fair Housing Act, Fla. Stat. § 760.20 et seq. Laney also appeals the court's announcement that it would award sanctions against her under Federal Rule of Civil Procedure 11. After careful review, we affirm the district court's dismissal of Laney's complaint and dismiss her appeal of the sanction issue as moot.

I.

Laney is a homeowner and resident in "The Hammocks," a deed-restricted community in Ocoee, Florida. As a homeowner in the community, Laney is a member of The Hammocks Homeowners Association of Orange County ("the

---

[1] Laney first identified Rygh's last name as Jorgensen. This mistake has since been corrected, but the case caption retains the style first used in the complaint and by the district court.

[2] Laney also brought claims against two other defendants in this case. They have settled separately from this appeal.

2

Association"). Laney used to serve on the Board of Directors for the Association, but was recalled by the Association on June 2, 2008. After the recall, Laney filed a Petition for Arbitration with the Florida Department of Business and Professional Regulations, Division of Condominiums, Time Shares, and Mobile Homes to challenge the Association's recall. The arbitrator found in favor of the Association and awarded the Association attorneys' fees. To enforce this award against Laney, the Association filed suit in Florida state court. The state court enforced the arbitration award in two orders dated February 24 and June 21, 2010.

In September 2014, Laney filed a "Petition for Writ of Certiorari" in the Florida state court. In the petition, Laney said she had sent the Association a check soon after the arbitration, but that the Association never cashed it. She also alleged the Association's collection efforts were improper and asked the court to retract the discovery order about her assets. The Florida state court denied Laney's petition on October 15, 2014.

Laney filed this action in federal court on April 27, 2015. Although Laney initially proceeded pro se, she hired an attorney, Scott Siverson, shortly after filing her federal complaint. With the assistance of her counsel, Laney filed an amended complaint on July 13, 2015. She alleged that Rygh, the property manager, distributed a letter from Slaten, the Association's lawyer, at the annual membership meeting of the Association, which at least 68 homeowners attended. Laney also

3

said McKey, the president of the Board, read the letter aloud at the meeting. The letter, dated February 26, 2014, contained information about Laney's debt and the Association's efforts to collect those debts. Laney says the letter was humiliating, factually inaccurate, and caused her neighbors to be "exceedingly unkind" to her. She also claims that on April 29, 2014, Southwest Property posted on its website the past due amounts she owed the Association. Laney says this has never been done to any other homeowner in the Hammocks. Finally, she alleges that Southwest Property and the Association considered her "emotionally or mentally ill," and claims the Association, through Slaten, caused her arrest and unlawful incarceration.

Based on these allegations, Laney brought four claims against the Hammocks defendants. The district court dismissed all four with prejudice. The court also sanctioned Laney and her attorney, Siverson, under its Rule 11 and inherent powers after finding the case frivolous given the previous state court litigation. The district court instructed the parties to submit information about the amount of fees and costs due to the Hammocks defendants, as well as any objections. Laney appealed the district court's order.

Since the district court issued its order, the Hammocks defendants and Siverson reached a settlement with regard to the sanctions award. Siverson paid the Hammocks defendants to settle this part of the district court's order. Laney,

4

however, never agreed to nor signed the settlement documents.  On appeal, Laney

is proceeding pro se.

## II.

We review de novo the district court's grant of a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the

factual allegations in the complaint as true and construing all inferences in the light

most favorable to the plaintiff.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308

(11th Cir. 2006) (per curiam).  We review for an abuse of discretion the district

court's imposition of Rule 11 sanctions as well as the decision to award costs to the

prevailing party.  Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009);

Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).  This Court also

liberally construes pro se pleadings and briefs.  Timson v. Sampson, 518 F.3d 870,

874 (11th Cir. 2008) (per curiam); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th

Cir. 2006).[3]

---

[3] The Hammocks defendants argue Laney has abandoned any challenge to the dismissal of her complaint with prejudice because her brief's statement of the issues refers only to the sanctions award.  However, Laney's brief makes it quite clear that she is challenging the district court's dismissal of her claims.  And in any event, we liberally construe pro se briefs.  Timson, 518 F.3d at 874.

5

A.

Laney first argues Counts II and III should not have been dismissed by the district court based on the Rooker-Feldman doctrine.[4]  The Rooker-Feldman doctrine prohibits federal district courts from reviewing state court final judgments, because that is the role of state appellate courts and the U.S. Supreme Court. Casale v. Tillman, 558 F.3d 1258, 1261 (11th Cir. 2009) (per curiam).  It is "confined to cases . . . brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).  The doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (quotation omitted).  A federal claim is "inextricably intertwined" with a state court judgment when it would "effectively nullify" the state judgment or would

---

[4] This doctrine is named for the two Supreme Court cases that created it: Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

6

"succeed[] only to the extent that the state court wrongly decided the issues." Casale, 558 F.3d at 1260 (quotation omitted).

Laney's claims against the Hammocks defendants under the FDUTPA in Count II and the FCCPA in Count III are barred by the Rooker-Feldman doctrine. The state court decisions in the record are final judgments, concerning the same parties, and are "inextricably intertwined." See id. The record shows Laney's allegations in Counts II and III concerned the same conduct as the allegations in her state court proceedings—primarily, the Hammocks defendants' attempts to collect attorneys' fees from her. If Laney were to win on her FDUTPA or FCCPA claim in federal court, this would effectively nullify the state court's decision that the Hammocks defendants' debt collection practices were permissible under Florida law. And the record also shows the state court fully adjudicated Laney's claims regarding these practices.[5] Because Laney's claims in Counts II and III are therefore "inextricably intertwined" with her previous state court proceedings, and because she could have raised her FDUTPA and FCCPA claims there, the Rooker-Feldman doctrine applies and bars Laney's claims from consideration in the district court. See Storck, 354 F.3d at 1310 n.1; Casale, 558 F.3d at 1260. We affirm the district court on its ruling as to these claims.

---

[5] To the extent Laney challenges the district court's consideration of extraneous materials on a motion to dismiss, we affirm as well. The district court was free to consider any documents attached to a motion to dismiss so long as each was "(1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). The state court records in this case met both requirements.

7

B.

Laney also argues her claims in Counts IV and V should not have been dismissed by the district court for failure to state a claim under Rule 12(b)(6). To avoid dismissal, a complaint must allege enough facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2009). Thus, a plaintiff must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A recital of the elements of a cause of action, supported only by conclusory statements, is not enough to adequately plead a claim. Id. at 678–79, 129 S. Ct. at 1949–50. Count IV of Laney's amended complaint is based on the federal Fair Housing Act, while her claim in Count V is based on the Florida Fair Housing Act. These two statutes are substantively identical, and therefore we apply the same legal analysis to each. Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277, 1285 (11th Cir. 2014).

Laney alleged that she was "a member of a protected group" under both statutes because the Hammocks defendants "collectively perceived or regarded [her] as being emotionally or mentally impaired or ill." She points to 42 U.S.C. § 3602(h) of the Fair Housing Act to argue that mental handicaps are protected under the statutes. But she does not allege how the Hammocks defendants'

8

conduct in any way impacted her accessibility to housing nor how they refused to permit reasonable modifications for handicapped persons.  See 42 U.S.C. § 3604(a), (f).  Neither does the complaint allege any sort of injury from the Hammocks defendants' alleged discrimination other than her personal interactions with the Association.  Thus, Laney did not plead enough facts to state a plausible claim for relief under the federal Fair Housing Act, and by extension, the Florida Fair Housing Act.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Bhogaita, 765 F.3d at 1285.  We affirm the district court's ruling as to these claims as well.

C.

Laney finally appeals the district court's imposition of sanctions against her. However, we need not decide whether the district court's decision to award attorneys' fees and costs to the Hammocks defendants was proper.  Siverson, Laney's attorney in the district court, paid the Hammocks defendants, so they say the sanctions award is moot.  They have confirmed to this Court that they no longer seek any amount of sanctions from Laney.  Siverson also agreed the paid sum will not be returned even if the award of sanctions were to be reversed on appeal.  Therefore, this issue "no longer presents a live controversy with respect to which the court can give meaningful relief." Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation omitted).  This portion of Laney's appeal is dismissed as moot.

9

**AFFIRMED IN PART AND DISMISSED IN PART.**