[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13281

Non-Argument Calendar

_____

TAVARES LENARD FARRINGTON,

                                         Plaintiff-Appellant,

*versus*

OFFICER DIAH,
LIEUTENANT M. BROWN,
OFFICER CHAMBERS,
OFFICER WISE,
ASSISTANT WARDEN MERENO, et al.,

                                         Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02697-VMC

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Tavares Lenard Farrington, a federal prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint brought against federal prison officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which he alleged an excessive use of force in violation of his Eighth Amendment rights, and retaliation for filing an earlier lawsuit.[1]  After review,[2] we affirm.

We conclude Farrington's appeal fails for two reasons.  First, Farrington failed to object or otherwise respond to the magistrate

---

[1] Farrington appeals only the dismissal of his Eighth Amendment excessive use of force claim.  Accordingly, he has abandoned any argument as to his retaliation claim.  *See United States v. Campbell,* 26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating an appellant must clearly and specifically identify any issue he wants the appellate court to address in his brief ).

[2] A district court's *sua sponte* dismissal for failure to state a claim under § 1915A(b)(1) is reviewed *de novo*, taking the allegations in the complaint as true.  *Boxer X v. Harris,* 437 F.3d 1107, 1110 (11th Cir. 2006).  While *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n,* 787 F.3d 1105, 1107 (11th Cir. 2015).

judge's recommendation that the excessive force claim in his complaint be dismissed in light of the Supreme Court's suggestion, in *Egbert v. Boule,* 142 S. Ct. 1793 (2022), that *Bivens* did not extend to include excessive force claims arising under the Eighth Amendment. The district court adopted this finding as the grounds for its dismissal, and Farrington does not argue on appeal that this was plain error or a manifest injustice, and thus he cannot challenge the issue on appeal. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (stating when a magistrate judge provides notice and a party fails to object to the findings in the report and recommendation and those findings are adopted by the district court, the party may not challenge them on appeal in the absence of plain error or manifest injustice).

Even if we deem Farrington to have implicitly preserved his arguments, we conclude the district court did not err in dismissing Farrington's claim. The Supreme Court has stated the expansion of *Bivens* beyond the three specific contexts in which it has already been applied[3] is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). A case presents a new *Bivens* context when it is different in a meaningful way from the previous *Bivens* cases decided by the Supreme Court. *Egbert,* 142 S. Ct. at 1803. While the Supreme

---

[3] While *Bivens* involved a violation of the Fourth Amendment, the Supreme Court has allowed a *Bivens* action alleging gender discrimination under the Due Process Clause of the Fifth Amendment. *Bivens*, 403 U.S. at 392; *Davis v. Passman*, 442 U.S. 228, 248-49 (1979). It has also recognized a *Bivens* action for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14, 18 (1980).

Court previously recognized a *Bivens* action under the Eighth Amendment in the context of a prison official's deliberate indifference to a prisoner's serious medical needs, an excessive force claim under the Eighth Amendment raises a new context, as the alleged official actions in each case differ significantly. *See Ziglar*, 137 S. Ct. at 1859-60 (stating a case may differ in a meaningful way where there are differences in the constitutional right at issue; the generality or specificity of the official action; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that the previous *Bivens* cases did not consider).

Farrington's argument the remedies provided by the BOP's grievance process and the FTCA are insufficient is also meritless, as an alternative process need not provide a plaintiff complete relief in order to weigh against the extension of *Bivens*. *See Alvarez v. U.S. Immigration & Customs Enf't*, 818 F.3d 1194, 1206 (11th Cir. 2016) (stating if a court finds an existing process already provides the plaintiff with sufficient protection, it does not recognize a *Bivens* remedy, and the alternative processes need not provide the plaintiff complete relief). Congress specifically considered the issue of prisoner abuse in the passage of the Prison Litigation Reform Act, ultimately providing an alternative remedy pathway that did not provide for standalone damages against federal employees. *See Ziglar*, 137 S. Ct. at 1865 (stating legislative action suggesting Congress does not want a damages remedy is itself a factor counselling hesitation). Ultimately, Congress's prior examination of the issue and

22-13281                Opinion of the Court                          5

creation of alternative remedy pathways counsels against recognizing a *Bivens* action under these allegations.  Accordingly, we affirm the district court's dismissal.

**AFFIRMED.**